IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,074-01






EX PARTE MANDIS BARROW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 37-056 D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery and was placed on deferred adjudication community supervision for ten years. On May 10,
2000, the trial court adjudicated him guilty and sentenced him to twenty years' imprisonment. The
Seventh Court of Appeals affirmed the sentence. Barrow v. State, No. 07-00-00280-CR, 2001 Tex.
App. LEXIS 3697 (Tex. App.-Amarillo, June 4, 2001, no pet.) (not designated for publication). 

 This Court received the original 11.07 application on September 30, 2002 and denied relief
without a written order on July 16, 2003. We now withdraw that decision, reconsider the case on our
own motion, and remand it to the trial court for findings of fact and conclusions of law consistent
with this order. Tex. R. App. P. 79.2(d). 

 Applicant contends that newly-discovered evidence about Agent Tom Coleman's reliability
and "pattern of perjury" shows that Applicant's due process rights were violated at the adjudication
hearing, and that the State did not provide the defense with material impeachment evidence
regarding Coleman's reputation for dishonesty and his legal problems and various employment
problems with both the Panhandle Regional Narcotics Trafficking Task Force and other police
agencies. Applicant also contends that his adjudication counsel rendered ineffective assistance
because, inter alia, counsel failed to call a witness who would have rebutted Coleman's testimony.
Applicant attached an affidavit from the alleged witness, Elijah Kelly, stating that he spent the day
in question with Tom Coleman and there was no drug transaction. Applicant also contends that he
is actually innocent of one of the predicates for the adjudication of his guilt. The trial court made no
findings of fact or conclusions of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83 (1963); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993); Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 When this application was originally filed, Applicant was represented by counsel. It appears
he is no longer represented by counsel. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings as to whether the State was aware at the time of
Applicant's adjudication that the credibility of Tom Coleman was questionable, and if so, whether
this information was provided to the defense. Trial counsel provided the State with an affidavit in
response to the writ application. Counsel's affidavit disputes Applicant's contention that he had been
told that Kelly could testify that there was no drug transaction between Coleman and Applicant. The
trial court shall make any necessary credibility findings in addition to findings of fact as to whether
the performance of Applicant's attorney at adjudication was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 16, 2009

Do not publish